IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal No. 19-329 |
| MONTAY CLANCY, | |
| *Defendant.* | |

## **OPINION**

Counsel for defendant Montay Clancy ("Clancy") filed an Emergency Motion for Release Pending Sentencing in light of the COVID-19 pandemic (ECF No. 42). The government filed a response in opposition to Clancy's request to be released from the Allegheny County Jail ("ACJ") (ECF No. 44). Clancy requests the motion be decided on the papers without a hearing.[1] For the reasons that follow, Clancy's motion will be denied.

On October 4, 2019, a criminal complaint was filed against Clancy charging him with: (1) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii); and (2) possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (ECF No. 3.) The government requested Clancy's detention. (ECF No. 5.) On October 10, 2019, the magistrate judge held a detention

---

[1] In light of the COVID-19 pandemic and because the government did not object, the court grants Clancy's request for his emergency motion to be decided on the papers.

hearing. (H.T. 10/10/2019 (ECF No. 17).) At the detention hearing, the magistrate judge found that the rebuttable presumption set forth in 18 U.S.C. § 3142(e)(2) applied to Clancy because there was probable cause that Clancy committed the crimes charged and he is facing a penalty of ten years or more on a narcotics charge. (Id. at 45-46.) The magistrate judge found that Clancy did not overcome the presumption. She explained that based upon the evidence presented by the government, there was probable cause that Clancy committed the crimes charged, i.e., that Clancy possessed with the intent to distribute a large amount of cocaine and heroin. (Id. at 46.) The magistrate judge also explained that the evidence showed that Clancy possessed with the cocaine and heroin a bulletproof vest, ammunition, magazines, an "AR-15," scale, razor blades, and baggies. (Id.) The magistrate judge noted that defendant had a sporadic employment history and permitted his five-year-old son to stay at his home where drugs, a firearm, and ammunition were present. (Id. at 47.) The magistrate judge based her decision, in part, upon Clancy's criminal history, which showed that "on a least four occasions" Clancy committed another offense while either on probation or bond. (Id) After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the magistrate judge found the government satisfied its burden to show by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community and denied Clancy's request that he be released pending trial to the custody of his son's grandmother[2] or to attend inpatient treatment at the Alpha House for alcohol substance abuse. (Id.) Clancy did not request review of the detention order by this court.

On October 29, 2019, Clancy was indicted by a federal grand jury for: (1) attempt to

---

[2] The grandmother of Clancy's son testified on Clancy's behalf at the detention hearing before the magistrate judge and offered to serve as Clancy's third-party custodian. (H.T. 10/10/2019 (ECF No. 17) 27.)

possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about October 3, 2019, in violation of 21 U.S.C. § 846 ("count one"); and (2) possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, on or about October 3, 2019, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) ("count two").

On March 3, 2020, Clancy pleaded guilty to count one of the indictment. (ECF Nos. 38, 39.) A sentencing hearing is scheduled for July 9, 2020. (ECF No. 41.) On March 25, 2020, he filed the pending emergency motion for release pending sentencing. (ECF No. 42.) Clancy seeks relief under 18 U.S.C. § 3142, which is entitled "Release or detention of a defendant pending trial." Specifically, Clancy seeks relief under § 3142(i), which provides that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). As the government argues, however, Clancy pleaded guilty to count one of the indictment, and, therefore, § 3142, which applies to defendants *pending trial*, does not apply to him. The applicable section of the Bail Reform Act in this case is § 3143, which is entitled "Release or detention of a defendant pending sentence or appeal." Clancy's motion will be addressed under § 3143.

Because Clancy pleaded guilty to violating an offense for which the Controlled Substances Act prescribes a maximum sentence of ten years or more, his request for release pending sentencing is governed by 18 U.S.C. § 3143(a)(2). Section 3143(a)(2) provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of

section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Here, Clancy's proffer of evidence in support of his motion for release is not sufficient for the court to find that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the government has recommended that "no sentence of imprisonment be imposed." Id. Clancy asserts that—if the court held a hearing on his motion—he would address the court and have two counselors from Alpha House testify. Clancy does not proffer any evidence to show "there is a substantial likelihood that a motion for acquittal or new trial will be granted[,]" e.g., defects in the change of plea hearing. Under those circumstances, even if Clancy adduced *clear and convincing evidence* that he is not likely to flee or pose a danger to the community, he cannot overcome the statutory provision that he be detained pending sentencing.

Clancy argues, however, that he should be released from the ACJ because he is at much graver risk of contracting COVID-19 at ACJ than if released to home confinement, and that he is particularly vulnerable because he has a documented history of asthma. (ECF No. 42.) In addition, Clancy's counsel is working remotely and practicing social distancing, which includes not visiting Clancy at the ACJ. Defense counsel questions the ACJ's ability to accommodate confidential attorney-client telephone calls. Clancy argues that these changed circumstances require his immediate release. Clancy presents two release options: (1) he is released on home detention with electronic monitoring (and any conditions imposed by the court) to his home with his girlfriend and

4

mother of his child acting as a third-party custodian; or (2) he is released to the Alpha House, which is "an in-patient long-term therapeutic community" for alcohol substance-abuse treatment and to address Clancy's core issues. (ECF No. 42 at 11.)

The court recognizes the potential for Green's exposure to the COVID-19 virus at the Allegheny County Jail ("ACJ"). Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. As of the date of this opinion and order, the COVID-19 virus has not been detected in the prisoner or detainee population at the ACJ. Additionally, there is no indication that Clancy's medical needs are not being addressed at the ACJ. While the Court is sympathetic to Clancy's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a basis for temporary release when he did not present evidence sufficient to overcome the presumption in favor of his detention pending sentencing.

With respect to defense counsel's general concerns about being able to communicate with Clancy, the court is confident that ACJ officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. These forms of communication are sufficient given that his sentencing is scheduled for July 9, 2020. The court will entertain a motion for continuance with respect to the sentencing hearing if necessary.

Based upon the foregoing, given the presumption in favor of Clancy's detention, the lack of evidence that he is entitled to relief under § 3143, and the measures being taken by the ACJ to protect its population and protect attorney-client communications, Clancy's detention pending sentencing

remains appropriate. The Emergency Motion for Release Pending Sentencing in light of the COVID-19 pandemic (ECF No. 42) will be DENIED.

An appropriate order follows

Dated: April 1, 2020 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge